IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**Statesville Division**

Case No. _____

| | |
|---|---|
| HECTOR JARAMILLO,<br><br>                        Plaintiff,<br><br>  vs.<br><br>TRANS UNION, LLC and NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER,<br><br>                      Defendants. | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Hector Jaramillo ("Plaintiff") brings this action on an individual basis under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants Trans Union, LLC ("TransUnion") and Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") (collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.  Defendant TransUnion (or "CRA Defendant") has been selling consumer background reports (commonly referred to as "credit reports") containing inaccurate information about Plaintiff's consumer background and credit history. In particular, TransUnion has been reporting that a mortgage account issued by Defendant Nationstar (also referred to as "Furnisher" or "Furnisher Defendant") was 120-149 days past due even though the account was closed.

2.  Plaintiff disputed this erroneous reporting in writing through the channels established by TransUnion for disputing consumer credit information. TransUnion, in turn, and

as required by statute, notified Furnisher of Plaintiff's dispute. Yet, despite receiving the dispute, or notice thereof, Defendants willfully continued to report the inaccurate information.

3. TransUnion thus violated two different statutory provisions of the FCRA. First, it violated 15 U.S.C. §1681e(b), which requires credit bureaus to maintain reasonable procedures to ensure maximum possible accuracy in Plaintiff's consumer reports. Second, TransUnion violated 15 U.S.C. §1681i, which required it to conduct a reasonable reinvestigation into Plaintiff's dispute, report the account as disputed, and delete the inaccurate reporting, if necessary.

4. Likewise, Defendant Nationstar violated its statutory obligation to conduct a timely and reasonable investigation of Plaintiff's dispute. It is reasonable to infer that TransUnion notified Nationstar of Plaintiff's dispute, as required by federal statute. *See* § 1681i(a)(2). Yet, instead of conducting an investigation and removing the inaccurate information, Nationstar improperly verified that the information in Plaintiff's credit report was accurate.

5. To date, the inaccurate reporting remains on Plaintiff's credit report.

6. Accordingly, Plaintiff is entitled to actual, statutory, and punitive damages, and reasonable attorney's fees and expenses.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy[.]"

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), and, because Defendants conduct and continue to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, Defendants are subject to personal jurisdiction in this District.

# PARTIES

**Plaintiff**

9. Plaintiff resides in Statesville, North Carolina and qualifies as a "consumer" as defined and protected by the FCRA. *See* 15 U.S.C. §1681a(c)). Plaintiff is an individual, not an entity.

**Defendants**

10. Defendant Trans Union, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant TransUnion maintains a principal place of business at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of North Carolina, and may be served with process upon Prentice Hall Corp. Systems, Inc., its registered agent for service of process at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608. TransUnion qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disburses consumer background reports for remuneration.

11. Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper is a mortgage and home loan servicing company that provides individual consumers with access to financial products and services, including secured mortgages and home loans. Defendant Nationstar has its principal place of business located at Lake Vista 4, 800 State Highway 121 Bypass, Lewisville, TX 75067, is registered to do business in the State of North Carolina, and may be served with process upon Corporation Service Company, its registered agent for service of process at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608. Defendant Nationstar qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

12.     The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports.  Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681a (emphasis added).

13.     The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a consumer's dispute and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

14.     CRA Defendant compiles, maintains, and reports information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation.

That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance, and even consumer housing. Plaintiff has a legally protected interest in CRA Defendant fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

15. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information.

**Nationstar**

16. TransUnion issued consumer background reports concerning Plaintiff that included inaccurate information about the payment status of Plaintiff's Nationstar account.

17. The Nationstar account was originally opened in July 2005. In April 2018, Nationstar closed the account, therefore reducing Plaintiff's balance on the Nationstar tradeline to $0.

18. But although the account was closed with a $0 balance, Nationstar continued to report in the payment status field of Plaintiff's credit report that the account was "120-149 Days Late."

19. This reporting was materially misleading because it created the misleading impression that Plaintiff was currently late on the payments for the Nationstar account. It also misled prospective lenders into believing (albeit erroneously) that Plaintiff has a continuing payment obligation to Nationstar, and artificially reduced Plaintiff's overall disposable income.

20. On October 15, 2019, Plaintiff sent a letter to TransUnion disputing the erroneous reporting.

21. It is reasonable to infer that TransUnion notified Nationstar about Plaintiff's dispute, as required by federal statute.

22. Nevertheless, TransUnion and Nationstar failed to conduct a reasonable investigation and failed to correct the reporting of the Nationstar tradeline. Indeed, had they performed the requisite investigation, they would have determined that it is inherently contradictory and nonsensical for a closed account with a $0 balance to also be late and past due.

23. Moreover, Defendants caused further harm by failing to mark the disputed account as disputed as they were required to do.

**Plaintiff suffered harm from CRA Defendant's willful, intentional, reckless, and/or negligent misconduct**

24. CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

25. The inaccurate information includes personal identifying information, as well as the nature of Plaintiff's tradelines/accounts, including, but not limited to, Plaintiff's account with Furnisher Defendant.

26. After noticing the inaccuracy reported by CRA Defendant, Plaintiff disputed it in writing via CRA Defendant's established mechanisms and procedures to dispute consumer credit information. After CRA Defendant confirmed in writing that it intended to continue reporting inaccurate information, Plaintiff was denied the extension of further credit based on the inaccurate reporting. Despite being notified of the inaccurate information, CRA Defendant continues to publish inaccurate information in Plaintiff's consumer background reports.

27. It is reasonable to infer that TransUnion notified Nationstar about Plaintiff's dispute as required by federal statute. As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendant should have then sent all the relevant evidence/facts to Furnisher Defendant and requested an explanation as to the reason the account/tradeline was being reported in an inaccurate manner. CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. CRA Defendant willfully, intentionally, recklessly, and negligently failed to take any of these steps subsequent to Plaintiff's dispute, and importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendant failed to maintain adequate policies and procedures**

28. CRA Defendant systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports it published.

29. Upon receipt of Plaintiff's dispute, CRA Defendant was required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

30. Because CRA Defendant failed to take any of these steps, it violated the FCRA, and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and being denied the ability to obtain additional credit.

# CAUSES OF ACTION

## COUNT I

## Against CRA Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i

31. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

32. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> *Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.*

15 U.S.C. §1681e(b) (emphasis added).

33. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency **is disputed by the consumer** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1).

34. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> (A) *In general.* ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

35. In violation of §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff by reporting inaccurate information in Plaintiff's consumer background reports. Plaintiff disputed the inaccurate information, and still, CRA Defendant willfully, intentionally, recklessly, and negligently failed to perform a reasonable investigation and remove the inaccurate information.

36. In violation of § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury, and it is therefore liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**Against Furnisher Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681s-2(b)**

37. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

38. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) ***conduct an investigation with respect to disputed information***;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; [and]

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added).

39. Furnisher Defendant failed to conduct timely and reasonable investigations of Plaintiff's dispute after receiving notice of Plaintiff's dispute from CRA Defendant. Furnisher Defendant has further willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to CRA Defendant.

40. Instead of removing the inaccurate information, Furnisher Defendant improperly confirmed the inaccurate information that it has been reporting.

41. Furnisher Defendant's conduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result of Furnisher Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

42. As a result of Furnisher Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages, and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 11, 2020

/s/ Randy Emory
RANDY EMORY
THE EMORY LAW FIRM, P.C.
11020 David Taylor Drive, Suite 102
Charlotte, NC 28262
Telephone: 704/371-4333
Fax: 704/371-3015
N.C. State Bar No. 17161
Email: remory@theemorylawfirm.com


**COHEN & MIZRAHI LLP**
EDWARD Y. KROUB


/s/ Edward Y. Kroub
EDWARD Y. KROUB

DANIEL C. COHEN
EDWARD Y. KROUB
MOSHE BOROOSAN (*pro hac vice forthcoming*)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal
moshe@cml.legal

*Attorneys for Plaintiff*